UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **TRUSTEES OF THE SOUTHWEST OHIO REGIONAL COUNCIL OF CARPENTERS PENSION PLAN**<br>6100 Oak Tree Boulevard, Suite #190<br>Independence, OH 44131<br><br>**TRUSTEES OF THE OHIO CARPENTERS' HEALTH FUND**<br>700 Tower Drive, Suite #300<br>Troy, MI 48098<br><br>**TRUSTEES OF THE OHIO CARPENTERS JOINT APPRENTICESHIP & TRAINING TRUST FUND**<br>361 Breaden Drive<br>Monroe, OH 45050<br><br>       **Plaintiffs,**<br>v.<br><br>**TRI-STATE INSTALLATION, INC.**<br>1447 Pence Road<br>Seaman, OH 45679<br><br>       **Defendant.** | Case No. 1:22-cv-497 |

**COMPLAINT**

1.      Plaintiffs are the trustees of multiemployer benefit plans (collectively, "the Funds"). Defendant, Tri-State Installation, Inc., is an employer that is obligated to make contributions to the Plaintiffs based upon a contractually agreed rate so that Defendant's employees may participate in and receive the employee benefits of the Funds. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Plaintiffs' Funds for the purpose of collecting contributions and other amounts due to the Funds.

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the breach occurred within the jurisdiction of the U.S. District Court, Southern District of Ohio.

## THE PARTIES

4. Plaintiffs, Trustees of the Ohio Carpenters' Health Fund ("Health Fund Trustees"), are the fiduciaries of the Ohio Carpenters' Health Fund ("Health Fund"), a multiemployer, employee benefit plan and employee welfare benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); and ERISA § 3(1)(A), 29 U.S.C. § 1002(1)(A). The Health Fund resides in Southern Ohio, and is administered at 700 Tower Drive, Suite #300, Troy, Michigan 48098.

5. Plaintiffs, Trustees of the Southwest Ohio Regional Council of Carpenters Pension Plan ("Pension Plan Trustees"), are the fiduciaries of the Southwest Ohio Regional Council of Carpenters Pension Plan ("Pension Plan"), a multiemployer, employee benefit plan and employee pension benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); and ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). The Pension Plan

resides in Southern Ohio, and is administered at 700 Tower Drive, Suite #300, Troy, Michigan 48098.

6. Plaintiffs, Trustees of the Ohio Carpenters Joint Apprenticeship & Training Trust Fund ("Apprenticeship Fund Trustees"), are the fiduciaries of the Ohio Carpenters Joint Apprenticeship & Training Trust Fund ("Apprenticeship Fund"), a multiemployer, employee benefit plan and employee welfare benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); ERISA § 3(1)(A), 29 U.S.C. § 1002(1)(A). The Apprenticeship Fund maintains its principal place of business at 361 Breaden Drive, Monroe, Ohio 45050.

7. Defendant, Tri-State Installation, Inc. ("Tri-State"), is a Kentucky corporation. Defendant's principal place of business located in Adams County, Ohio. At all relevant times, Defendant was an employer as defined by LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant is engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## RELEVANT FACTS

8. The Pension Plan was established by an Amended Agreement and Declaration of Trust ("Pension Plan Trust Agreement") for the purpose of providing pension benefits. (Exhibit A, Pension Plan Trust Agreement, Article II, Sections 1, 8). The Pension Plan is an "employee pension benefit plan" as defined by ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A) and is a "multi-employer plan" as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A).

9. The Pension Plan is administered by the Pension Plan Trustees, a joint board of trustees composed of an equal number of employee and employer representatives as required by

3

LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5). The Pension Plan Trustees act as the "plan sponsor" of the Pension Plan as defined by ERISA § 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii).

10. The Health Fund was established by an Agreement and Declaration of Trust ("Health Fund Trust Agreement") for the purpose of providing health benefits to employees and beneficiaries. (Exhibit B, Health Fund Trust Agreement, Article II, Sections 1, 8). The Health Fund is an "employee welfare benefit plan" as defined by ERISA § 3(1)(A), 29 U.S.C § 1002(1)(A) and is a "multi-employer plan" as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A).

11. The Health Fund is administered by the Health Fund Trustees, a joint board of trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5). The Health Fund Trustees act as the "plan sponsor" of the Health Fund as defined by ERISA § 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii).

12. The Pension Plan Trustees and Health Fund Trustees are vested with the authority to collect employer contributions due to Pension Plan and Heath Fund. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 4; Exhibit B, Health Fund Trust Agreement, Article II, Section 4). Pursuant to this authority, the Pension Plan Trustees and Health Fund Trustees adopted a joint Collection and Delinquency Control Program ("Collection Policy"). (Exhibit C, Collection Policy).

13. At all relevant times, Tri-State has been an employer signatory to one or more collective bargaining agreements between the Indiana/Kentucky/Ohio Regional Council of Carpenters and the Labor Relations Division, Cincinnati Division, AGC of Ohio, Inc. ("CBA") On June 1, 2021, the bargaining parties entered into the most recent iteration of the CBA. (Exhibit D). The bargaining parties have agreed to extend the terms of the CBA through May 31, 2024. (Exhibit D, p. 30-31).

14. As a signatory contractor to the CBA, Tri-State is obligated to submit hours worked reports and remit contributions based upon the number of hours worked by covered employees, to the Pension Plan, Health Fund, and Apprenticeship Fund, in addition to other employee benefit funds. (collectively, the "Funds") (Exhibit D, Southwest Carpenters' CBA, Article XI at ¶ 75, Article XIII at ¶¶ 94, 97, 100, 104-105, Article XX at ¶ 121).

15. Despite having an obligation to submit hours worked reports and remit contributions to Plaintiffs, Tri-State has failed or otherwise neglected to submit reports and remit contributions for the period of March 2022 forward.

16. As a result of Tri-State's conduct, Tri-State is liable to Plaintiffs for delinquent contributions, liquidated damages, and accruing interest for the period of March 2022 forward and reasonable attorney's fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), and LMRA § 301, 29 U.S.C. § 185.

## COUNT I

### Failure to Remit Contributions/Reports
### ERISA § 515, 29 U.S.C. § 1145

17. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

18. As a signatory contractor to the CBA, Tri-State is obligated to submit hours worked reports and remit contributions based upon the number of hours worked by covered employees, to the Pension Plan, Health Fund, and the Apprenticeship Fund, in addition to other employee benefit funds. (Exhibit D, Southwest Carpenters' CBA, Article XI at ¶ 75, Article XIII at ¶¶ 94, 97, 100, 104-105, Article XX at ¶ 121).

19. The Trust Agreements are incorporated by reference in the CBA. (Exhibit D, Southwest Carpenters' CBA, Article XI at ¶¶ 77-78, Article XIII at ¶¶ 96, 99, 100, 104). The Trust Agreements require that employers remit contributions in accordance with the terms of the

5

applicable CBA. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 2; Exhibit B, Health Fund Trust Agreement, Article II, Section 2).

20. Pursuant to the authority granted in the Trust Agreements, the Pension Plan Trustees and Health Fund Trustees adopted a Collection Policy. (Exhibit C, Collection Policy). The Collection Policy requires signatory employers to make fringe benefit contributions on or before the 20th day of the month following the month in which the work was performed. (Exhibit C, Collection Policy, Section A(1)).

21. Despite having an obligation to submit hours worked reports and remit contributions to Plaintiffs, Tri-State has failed or otherwise neglected to submit reports and remit contributions to Plaintiffs for the period of March 2022 forward.

22. Tri-State's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and therefore Plaintiffs are entitled to delinquent contributions, liquidated damages, and accruing interest for the period of March 2022 forward and reasonable attorney's fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

23. Plaintiffs are unable to calculate their damages under this Count until such time as Tri-State submits true and accurate reports of hours worked from March 2022 forward, or until Plaintiffs conduct an audit of Tri-State's books and records.

### COUNT II

**Breach of Contract & Failure to Remit Contributions/Reports**
**LMRA § 301, 29 U.S.C. § 185**

24. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

25. As a signatory contractor to the CBA, Tri-State is obligated to submit hours worked reports and remit contributions based upon the number of hours worked by covered employees, to the Pension Plan, Health Fund, and Apprenticeship Fund, in addition to other employee benefit

6

funds. (Exhibit D, Southwest Carpenters' CBA, Article XI at ¶ 75, Article XIII at ¶¶ 94, 97, 100, 104-105, Article XX at ¶ 121).

26. The Trust Agreements are incorporated by reference in the CBA. (Exhibit D, Southwest Carpenters' CBA, Article XI at ¶¶ 77-78, Article XIII at ¶¶ 96, 99, 100, 104). The Trust Agreements require that employers remit contributions in accordance with the terms of the applicable CBA. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 2; Exhibit B, Health Fund Trust Agreement, Article II, Section 2).

27. Pursuant to the authority granted in the Trust Agreements, the Pension Plan Trustees and Health Fund Trustees adopted a Collection Policy. (Exhibit C, Collection Policy). The Collection Policy requires signatory employers to make fringe benefit contributions on or before the 20th day of the month following the month in which the work was performed. (Exhibit C, Collection Policy, Section A.(1)).

28. Despite having an obligation to submit hours worked reports and remit contributions to Plaintiffs, Tri-State has failed or otherwise neglected to submit reports and remit contributions to Plaintiffs for the period of March 2022 forward.

29. Defendant's actions are in violation of the CBA, Trust Agreement, and Collection Policy, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, attorney's fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

30. Plaintiffs are unable to calculate their damages under this Count until such time as Tri-State submits true and accurate reports of hours worked from March 2022 forward, or until Plaintiffs conduct an audit of Tri-State's books and records.

## COUNT III

### Failure to Pay Liquidated Damages and Interest
### ERISA § 515, 29 U.S.C. § 1145

31. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

32. As a signatory contractor to the CBA, Tri-State is obligated to submit hours worked reports and remit contributions based upon the number of hours worked by covered employees, to the Pension Plan, Health Fund, and Apprenticeship Fund, on or before the 20th day of the month following the month in which the work was performed. (Exhibit D, Southwest Carpenters' CBA, Article XI at ¶ 76, Article XIII at ¶¶ 101, 104, Article XIV at ¶ 105, Article XX at ¶ 122).

33. The Trust Agreements are incorporated by reference in the CBA. (Exhibit D, Southwest Carpenters' CBA, Article XI at ¶¶ 77-78, Article XIII at ¶¶ 96, 99, 100, 104). Pursuant to the authority granted in the Trust Agreements, the Pension Plan Trustees and Health Fund Trustees adopted a Collection Policy. (Exhibit C, Collection Policy). The Collection Policy requires signatory employers to make fringe benefit contributions on or before the 20th day of the month following the month in which the work was performed. (Exhibit C, Collection Policy, Section A.(1)).

34. The Collection Policy provides that in the event a signatory employer is delinquent in contributing to the fringe benefit funds and the matter is referred to counsel for collection, the employer is obligated to pay liquidated damages of 20% of the amount of the unpaid contributions, along with simple interest at the rate of 1% per month on the unpaid contributions, beginning from the due date, plus attorney's fees and court costs. (Exhibit C, Collection Policy, Sections C, D).

35. The Collection Policy further provides that in the event an audit of a signatory employer's payroll records reveals that the amount contributed by the employer was at least 5%

8

less than the amount due and owing, the employer will be responsible for the full expenses of the audit. (Exhibit C, Collection Policy, Section F).

36. Under the terms of the Collection Policy and 29 U.S.C. §1132(g), Defendant is liable to Plaintiffs for all unpaid contributions, liquidated damages, interest, audit expenses, and attorney's fees and costs.

37. As a result of the late payment of contributions due for various months from July 2020 and later, Defendant is liable to Plaintiffs for liquidated damages and interest.

38. Defendant's actions are in violation of ERISA § 502, 515, 29 U.S.C. § 1132, 1145, and Defendant is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT IV

### Breach of Contract & Failure to Pay Liquidated Damages and Interest
### LMRA § 301, 29 U.S.C. § 185

39. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

40. As a signatory contractor to the CBA, Tri-State is obligated to submit hours worked reports and remit contributions based upon the number of hours worked by covered employees, to the Pension Plan, Health Fund, and Apprenticeship Fund on or before the 20th day of the month following the month in which the work was performed. (Exhibit D, Southwest Carpenters' CBA, Article XI at ¶ 76, Article XIII at ¶¶ 101, 104, Article XIV at ¶ 105, Article XX at ¶ 122).

41. The Trust Agreements are incorporated by reference in the CBA. (Exhibit D, Southwest Carpenters' CBA, Article XI at ¶¶ 77-78, Article XIII at ¶¶ 96, 99, 100, 104). Pursuant to the authority granted in the Trust Agreements, the Pension Plan Trustees and Health Fund Trustees adopted a Collection Policy. (Exhibit C, Collection Policy). The Collection Policy requires signatory employers to make fringe benefit contributions on or before the 20th day of the

month following the month in which the work was performed. (Exhibit C, Collection Policy, Section A.(1)).

42. The Collection Policy provides that in the event a signatory employer is delinquent in contributing to the fringe benefit funds and the matter is referred to counsel for collection, the employer is obligated to pay liquidated damages of 20% of the amount of the unpaid contributions, along with simple interest at the rate of 1% per month on the unpaid contributions, beginning from the due date, plus attorney's fees and court costs. (Exhibit C, Collection Policy, Sections C, D).

43. The Collection Policy further provides that in the event an audit of a signatory employer's payroll records reveals that the amount contributed by the employer was at least 5% less than the amount due and owing, the employer will be responsible for the full expenses of the audit. (Exhibit C, Collection Policy, Section F).

44. Under the terms of the Collection Policy and 29 U.S.C. §1132(g), Defendant is liable to Plaintiffs for all unpaid contributions, liquidated damages, interest, audit expenses, and attorney's fees and costs.

45. As a result of the late payment of contributions due for various months from July 2020 and later, Defendant is liable to Plaintiffs for liquidated damages and interest.

46. Defendant's actions are in violation of CBA, Trust Agreement, and Collection Policy, and Defendant is therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT V

### Order Compelling Payroll Audit
### ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E)

47. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

48. As a signatory contractor to the CBA, Tri-State is obligated to submit hours worked reports and remit contributions based upon the number of hours worked by covered employees, to the Pension Plan, Health Fund, and Apprenticeship Fund, in addition to other employee benefit funds. (Exhibit D, Southwest Carpenters' CBA, Article XI at ¶ 75, Article XIII at ¶¶ 94, 97, 100, 104-105, Article XX at ¶ 121).

49. The Trust Agreements are incorporated by reference in the CBA. (Exhibit D, Southwest Carpenters' CBA, Article XI at ¶¶ 77-78, Article XIII at ¶¶ 96, 99, 100, 104). The Trust Agreements require that employers remit contributions in accordance with the terms of the applicable CBA. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 2; Exhibit B, Health Fund Trust Agreement, Article II, Section 2).

50. Pursuant to the authority granted in the Trust Agreements, the Pension Plan Trustees and Health Fund Trustees adopted a Collection Policy. (Exhibit C, Collection Policy). The Collection Policy provides that Defendant may be subjected to payroll audits as may be deemed appropriate. (Exhibit C, Collection Policy, Section E).

51. Plaintiffs have no way of verifying, absent an audit, the number of hours worked and wages paid to Defendant's employees from and after March 2022. Therefore, Plaintiffs have no way of ascertaining the precise amount owed in delinquent contributions, late fees, and interest for work performed during that time period.

52. In accordance with the terms of the CBA and Trust Agreements, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief against Defendant:

A. Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the period of March 2022 and later, in amounts to be determined;

B. Judgment on behalf of Plaintiffs and against Defendant for interest and liquidated damages on delinquent contributions for the period of July 2020 and later, in amounts to be determined;

C. Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

D. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on unpaid contributions which should accrue during the pendency of this action;

E. Judgment against Defendant requiring Defendant to submit to a payroll audit to determine the amounts due and owing to Plaintiffs;

F. Judgment against the Defendant for audit expenses, in accordance with the terms of the Collection Policy;

G. An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreements, Collection Policy, and ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(D);

      H.      An Order retaining jurisdiction over this cause pending compliance with all Orders; and

      I.      Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

LEDBETTER PARISI LLC

/s/ Thomas R. Kendall
Stephen P. Nevius (OH #0092598)
Thomas R. Kendall (OH #0080996)
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
snevius@fringebenefitlaw.com
tkendall@fringebenefitlaw.com
*Attorneys for Plaintiffs*

13